## Fuss *v.* Fuss, Appellant.

*Husband and wife—Conversion of wife's goods by husband—Evidence—Trespass.*

In an action of trespass brought by a wife against her husband who had deserted her, to recover the value of household goods alleged to have been the property of the wife, but converted by the husband to his own use, a verdict and judgment for the plaintiff will be sustained where there is evidence tending to show that some of the goods had been purchased by the plaintiff with her own money, that the residue had been purchased by the defendant from time to time and presented by him to his wife, and that he had acknowledged in writing that he had given the goods to his wife.

Submitted Oct. 10, 1911. Appeal, No. 100, Oct. T., 1911, by defendant, from judgment of C. P. No. 2, Phila. Co., June T., 1907, No. 3,401, on verdict for plaintiff in case of Elizabeth Fuss v. Henry F. Fuss. Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD, BEAVER, and PORTER, JJ. Affirmed.

Trespass for conversion of household goods. Before WILTBANK, J.

The facts are stated in the opinion of the Superior Court.

Verdict and judgment for plaintiff for $929.88. Defendant appealed.

*Errors assigned* were various portions of the charge and that the charge as a whole was inadequate.

*Henry J. Scott,* for appellant.

*M. J. O'Callaghan,* for appellee.

OPINION BY MORRISON, J., March 1, 1912:

The parties to this action are husband and wife who had lived together as such for upwards of twenty years prior to May, 1907, at which date it is alleged that the defendant deserted the plaintiff and has not since returned or resided with her. The action is trespass brought to recover the value of certain articles of personal property consisting of household goods, furniture, piano, dishes, etc., unlawfully taken, carried away and converted to his own use by the defendant. The alleged value of the property in question was $800, and the verdict and judgment thereon were for that amount, with interest added for about four years which had elapsed between the dates of the taking of the property and the verdict of the jury. The assignments of error raise no question as to the right of the plaintiff to maintain this action against her husband, the defendant.

In our opinion the evidence was sufficient to warrant a jury in finding that some of the property had been purchased by the plaintiff with her own money and that the residue had been purchased by the defendant from time to time and presented by him to his wife, the plaintiff, long prior to the date when he forcibly took and carried away all of the property claimed for in this suit.

The record presents nine assignments of error which have been carefully examined in the light of the testimony, the charge of the court, and the arguments of the learned

counsel and in the opinion of the seven judges who sat at the argument the assignments do not raise reversible error. We here remark that in addition to the oral testimony which is sufficient to carry the case to the jury the plaintiff proved and put in evidence a paper of which the following is a copy: "Philadelphia, May 13, 1907. This is to certify that all goods and chattels in premises 2202 South 17th street are Mrs. E. Fuss' absolutely, given by me, her husband, Henry F. Fuss, as a gift, which are all clear and free of encumbrance, book-case, etc., safe included. Henry F. Fuss. Sworn to before me this 15th day of May, 1907. Samuel A. Chestnut, Notary Public. Commission expires January 3, 1909."

There is much complaint by appellant's counsel that the charge is inadequate and unfair and several excerpts from it are assigned for error. The charge as a whole is not assigned for error. The first assignment is, "The learned court erred in that the charge to the jury was inadequate and prejudicial in that it favored the plaintiff and ignored and belittled the defendant's evidence." We have carefully read the charge and all of the evidence and are of the opinion that the case was for a jury and that it was properly tried and fairly submitted in a charge which is adequate and sufficient, and that the appellant has no just ground of complaint to the charge as a whole.

The assignments of error are dismissed and the judgment is affirmed.